UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN D. SPENCER,

    Petitioner,

v.        Case No. 5:16cv212-WTH-CJK

N.C. ENGLISH, Warden,
FCI Marianna,

    Respondent.
_____/

REPORT AND RECOMMENDATION

    This matter is before the court upon Kevin D. Spencer's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). The government responded in opposition to the petition (doc. 12) and petitioner filed a reply to the government's response (doc. 14). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the parties' submissions, the undersigned concludes petitioner is not entitled to relief under § 2241, and the petition should be denied.

FACT BACKGROUND AND PROCEDURAL HISTORY

    Petitioner is currently in the custody of the Bureau of Prisons ("BOP") serving a 151-month sentence for distributing crack cocaine. *See United States v. Spencer*,

Middle District of Florida Case No. 3:06cr349-VMC-MCR. While serving the sentence, petitioner entered the BOP's Residential Drug Abuse Program ("RDAP"). To complete the RDAP, an inmate must finish 3 components: (1) a unit-based component; (2) follow-up services; and (3) community treatment services. *See* 28 C.F.R. § 550.53(a); *see also Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011) ("RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. The program utilizes both individual and group activities and requires at least 500 hours of treatment over a period of 6 to 12 months. Treatment is conducted in a unit set apart from the general prison population and is followed by institutional and/or community-based transitional programs.") (citations omitted). Upon successful completion of the RDAP, the BOP has the discretion to reduce an inmate's sentence by up to a year. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve.").

Petitioner completed the unit-based component of the RDAP on August 17, 2015, and began the follow-up component.[1] On September 12, 2015, however, he

---

[1] The history of petitioner's participation in the RDAP is taken from the declaration of Dr. Stacie Kalvels. (Doc. 12-1, p. 2-5). As the Drug Abuse Program Coordinator at FCI-Marianna, Dr.

received an incident report alleging he possessed tobacco.[2]  He was allegedly expelled from the RDAP follow-up treatment program "due to . . . repeated interventions and unsatisfactory progress in treatment."[3]  On September 17, 2015, a disciplinary hearing officer ("DHO") found petitioner guilty of the incident report. Petitioner appealed the guilty finding and, on November 4, 2015, a BOP Regional Director remanded the case to the DHO for rehearing due to errors in the report and timeliness issues.  After the second hearing, the DHO expunged the incident report. Petitioner requested reinstatement into the RDAP but the request was denied.

## DISCUSSION

Petitioner argues the BOP acted improperly by removing him from the RDAP and denying him eligibility for early release pursuant to 18 U.S.C. § 3261(e)(2)(B). Petitioner claims the BOP's actions violated his due process rights and the Administrative Procedures Act ("APA").  As relief, he seeks a 1-year reduction in his sentence.

---

Kalvels is "responsible for clinical and administrative oversight of the institution's drug abuse programs, including the [RDAP]."

[2] The incident report indicates petitioner admitted the tobacco was his after it was discovered by a correctional officer.  (Doc. 12-1, p. 32).

[3] Based on the declaration of Dr. Kalvels and related exhibits, respondent claims petitioner received 3 formal warnings about his behavior during the unit-based component of the RDAP. (Doc. 12-1, p. 3-4).  Petitioner contests the veracity of Dr. Kalves's declaration, arguing he never received a formal warning while participating in the RDAP.  Resolving this factual dispute is not necessary to rule on the petition for writ of habeas corpus.

Petitioner, however, cannot establish a due process violation because he does not have a constitutionally-protected liberty interest in an early release under 18 U.S.C. § 3621(e)(2)(B).

> In order to establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty or property interest protected under the Fifth Amendment. A prisoner has no constitutional or inherent right in being released before the completion of a valid sentence. More particularly, if the relevant statute places no substantive limitations on official discretion in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. [Section] 3621(e)(2)(B) provides only that the BOP "may" grant a reduction in sentence to a prisoner convicted of a nonviolent offense. Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest.

*Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000) (quotations and citations omitted); *see also id.* at 1319 ("Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP. . . . And that decision is not subject to judicial review."). Because the BOP has absolute discretion under § 3621(e) to determine whether inmates successfully completing the RDAP receive a sentence reduction, petitioner cannot establish his removal from the RDAP and the denial of the reduction violated his due process rights.[4]

---

[4] *Cf. Abed v. Armstrong*, 209 F.3d 63, 66-67 (2d Cir. 2000) ("Although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where, as here, prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit.") (internal citation

Case No. 5:16cv212-WTH-CJK

Likewise, petitioner's invocation of the APA is unavailing.  Petitioner claims the BOP failed to comply with its own policy because it: (1) did not provide him with a formal warning before removing him from the RDAP; and (2) failed to reinstate him into the RDAP after the incident report was expunged.  The provisions of the APA, however, do not apply to the BOP's RDAP determinations.  *See* 18 U.S.C. § 3625; *Reeb*, 636 F.3d at 1225 (holding "that 18 U.S.C. § 3625 precludes judicial review under the Administrative Procedure Act ("APA") of the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621").  Thus, even if the BOP failed to follow internal policy when dismissing petitioner from the RDAP, he would not be entitled to a sentence reduction.  *See Le v. Augustine*, No. 5:12cv377-LAC-EMT, 2013 WL 2250142 at *7 (N.D. Fla. May 22, 2013) ("A claim that the BOP violated its own Program Statements, when the Program Statements were not mandated by statute or the constitution, does not constitute a violation of federal law; therefore, it cannot be sustained in a habeas petition.").

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) be DENIED.

---

omitted); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (an inmate "has no due process interest in the opportunity to earn good time credits"); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding the loss of the opporutnity to earn gain time is not a constitutionally protected liberty interest).

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of June, 2017.


*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.